## A. GOLDMAN ET AL. *v.* J. C. PAGE ET AL.

1. CHANCERY COURT. *Jurisdiction. Lost bond.*

   The Chancery Court has jurisdiction of a bill to recover for breaches of a bond which is lost. *Truly* v. *Lane,* 7 S. & M., 325; *New Orleans Railroad Co.* v. *Mississippi College,* 47 Miss. 560.

2. SAME. *Representative suit. Parties.*

   A bill for the benefit of a firm composed of many persons can be maintained against a director and some partners by the other members of the board of directors, without making all the partners parties. *Wall* v. *Boisgerard,* 11 S. & M. 574.

APPEAL from the Chancery Court of Yalobusha County.

Hon. A. B. FLY, Chancellor.

The appellants, who, with an appellee, compose the board of directors of the " Salem Co-operative Association No. 508 of Mississippi," a mercantile firm, filed his bill in behalf of themselves and all other shareholders and partners, except the defendants, J. C. Page, the defaulting storekeeper of the association, and the sureties on his bond, in order to recover for alleged breaches of the condition. Notwithstanding averments that the bond was lost or destroyed and could not be found, and that a great number of persons were partners in this co-operative store, which was governed by the rules of the " Patron's Co-operative Association " and of which the directors were the chosen representatives, the Chancellor dismissed the bill upon a demurrer which assigned an adequate remedy at law, and the nonjoinder and misjoinder of parties.

*M. E. Sullivan,* for the appellants.

1. Loss of the bond gives the Chancery Court jurisdiction. 1 Story Eq. Jur. §§ 79, 82. The suit is between partners about firm business. *Hunt* v. *Morris,* 44 Miss. 314. Owing to the peculiar nature of the concern, the defendants are both obligors and obligees. *Chapman* v. *Evans,* 44 Miss. 113. The copartners are numerous. Story Eq. Pl. §§ 107–109. The store manager is a bonded trustee, who is charged with fraud. *Philips* v. *Hines,* 33 Miss. 163 ; *Shearer* v. *Shearer,* 50 Miss. 113. Even if a legal remedy exists by statute, the one in

equity remains and is unembarrassed. *Wofford* v. *Board Police of Holmes Co.*, 44 Miss. 579; 1 Story Eq. Jur. §§ 80, 81.

2. This is a representative suit, the bill alleging that the partners consist of a great number, and the defendants are all made parties by name. Story Eq. Pl. §§ 107, 109; Code 1880, §§ 1511, 1512, 1888. If the defendants object for non-joinder, it must be pleaded in abatement. 1 Smith Lead. Cas. 870. All the plaintiffs are properly represented. *Beatty* v. *Kurtz*, 2 Peters, 566; *Blain* v. *Agar*, 1 Sim. 37.

*Williams & Jackson*, for the appellees.

This is merely an action upon a bond. The facts are all known. Remedy at law is clear. *Lesley* v. *Rosson*, 39 Miss. 368; *Morgan* v. *Nunes*, 54 Miss. 308. All the partners should have been parties. *McPike* v. *Wells*, 54 Miss. 136. If too numerous, the facts should have been averred in order that the court might judge of the legal conclusion. *Railroad Co.* v. *Orr*, 18 Wall. 471. All should be made parties who are interested in the result. *Williams* v. *Bankhead*, 19 Wall. 563.

*R. H. Golladay*, on the same side.

Equity has not jurisdiction of every partnership controversy, and this suit on a bond for non-performance of a storekeeper's duty is peculiarly a matter for a law court. Parsons Part. 270. There is no obstacle to suit at law, as the bond if lost can be proved, and the contract severed the defendants from the firm as to this transaction. *Venning* v. *Leckie*, 13 East, 7; *Kinloch* v. *Hamlin*, 2 Hill Ch. 19; *Robinson* v. *Bullock*, 58 Ala. 618.

CAMPBELL, J., delivered the opinion of the court.

The loss of the bond gave the Chancery Court jurisdiction. *Truly* v. *Lane*, 7 S. & M. 325; *New Orleans Railroad Co.* v. *Mississippi College*, 47 Miss. 560.

The suit was properly brought by the complainants, who, with one of the defendants, are the board of directors of the association, and as such represent the rights and interests of all. *Wall* v. *Boisgerard*, 11 S. & M. 574; Story Eq. Pl. § 107.

*Decree reversed.*